UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ERIC PATTERSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>　　　　　　　　　Defendant. | Civil Action No. 2:16-cv-14505<br><br>**Hon. Paul D. Borman** |

**DEFENDANT'S AMENDED ANSWER AND VERIFIED COUNTERCLAIM**

NOW COMES Defendant Ally Financial Inc. ("Ally" or "Defendant"), by and through its undersigned counsel, and for its Amended Answer and Verified Counterclaim to the Complaint filed by Eric Patterson ("Plaintiff") states:

Ally denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Ally states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to the actions of third parties and therefore denies the same. Ally further states that its investigation of the present matter is ongoing. Accordingly, Ally reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Ally states as follows:

**JURISDICTION**

1.　To the extent that Plaintiff's allegations in Paragraph 1 are a characterization of this action, such allegations are not subject to denial or

admission. To the extent any response is required, Ally denies that Plaintiff has any basis in fact or in law to maintain this action against Ally.

2. The allegations set forth in Paragraph 2 are legal conclusions, which are not subject to denial or admission. To the extent the allegations are contrary to law, they are denied.

## PARTIES

3. Ally admits Plaintiff is an individual. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of where Plaintiff resides and therefore denies the same. The remainder of the allegations set forth in Paragraph 3 are legal conclusions, which are not subject to denial or admission. To the extent the remaining allegations are contrary to law, they are denied.

4. In response to the allegations set forth in Paragraph 4, Ally states that it has an address in Detroit, Michigan. The remainder of the allegations set forth in Paragraph 4 of the Complaint are legal conclusions, which are not subject to denial or admission. To the extent the allegations are contrary to law, they are denied.

## FACTS

5. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations that Plaintiff's cellular telephone number is 801-xxx-7569 and therefore denies the same. The remainder of the allegations set forth in Paragraph 5 of the Complaint are legal conclusions, which

are not subject to denial or admission. To the extent the remaining allegations are contrary to law, they are denied.

6. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

8. The allegations set forth in Paragraph 8 of the Complaint are legal conclusions, which are not subject to denial or admission. To the extent the remaining allegations are contrary to law, they are denied.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

9. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

10. The allegations set forth in Paragraph 10 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

11. Ally denies the allegations set forth in Paragraph 11 of the Complaint.

12. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint and therefore denies the same.

13. Ally denies the allegations set forth in Paragraph 13 of the Complaint.

14. The allegations set forth in Paragraph 14 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

15. Ally denies the allegations set forth in Paragraph 15 of the Complaint.

16. Ally denies the allegations set forth in Paragraph 16 of the Complaint.

## **PRAYER FOR RELIEF**

Ally denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph of the Complaint following Paragraph 16, including subparts (1) – (3).

Ally admits that Plaintiff demands a jury trial in this case.

Ally denies that it is liable to Plaintiff in any manner whatsoever under any theory whatsoever.

Ally denies any allegation contained in the Complaint that is not expressly admitted by Ally.

Ally reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

Ally reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE DEFENSES

Ally hereby sets forth the following affirmative defenses to the Complaint. By asserting the defenses set forth below, Ally does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Ally admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Ally reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's claims.

2. Ally avers that some or all of the claims made in the Complaint may be barred because Plaintiff lacks standing to the extent he has suffered no injury-in-fact.

3. Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

4.     Plaintiff cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

5.     Plaintiff cannot recover from Ally to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Ally continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Ally had no control, and for whose conduct Ally is not responsible, which bars or diminishes any recovery by Plaintiff against Ally.

6.     Plaintiff's claims fail to the extent Ally had the prior express consent of the owner and/or subscriber of the telephone number in question to place the alleged telephone calls at issue.

7.     Plaintiff's claims fail to the extent Ally's actions were authorized by the terms of the underlying agreement(s) creating the debt.

8.     Plaintiff's claims are barred or diminished by Ally's rights of setoff, recoupment, and/or restitution.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, and/or unjust enrichment.

10.    Ally reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses, and reserves the right to rely upon any and all

defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant, Ally Financial Inc., by counsel, respectfully requests that the Court dismiss all of the Plaintiff's claims against Ally, with prejudice, enter judgment in favor of Ally and against Plaintiff, and award Ally such other and further relief as the Court may deem just and appropriate.

## COUNTERCLAIM AND JURY DEMAND

Defendant and Counterclaim Plaintiff Ally Financial Inc. ("Counterclaim Plaintiff"), by counsel, hereby submits its Verified Counterclaim in the instant proceeding against Plaintiff and Counterclaim Defendant Eric Patterson ("Counterclaim Defendant"):

1. On or about March 27, 2012, Counterclaim Defendant entered into a Retail Installment Sale Contract (the "Contract") with Westside Chevrolet, Inc. (the "Dealer"), whereby Counterclaim Defendant agreed to purchase a 2012 Chevrolet Equinox, VIN number 2GNFLDE51C6256194 (the "Vehicle"). A copy of the Contract is attached hereto as **Exhibit 1** and is incorporated herein by reference.

2. Dealer subsequently assigned its interest in the Contract to Counterclaim Plaintiff.

3. Under the terms of the Contract, Counterclaim Defendant agreed to finance the purchase of the Vehicle by making monthly installment payments of $400.26 beginning on April 26, 2012 and continuing for 72 consecutive months. The Total of Payments under the Contract is $28,818.72, consisting of $24,924.77 as the Amount Financed, and a Finance Charge of $3,893.95 based on a 4.90% Annual Percentage Rate.

4. Under the terms of the Contract, and in consideration for financing the purchase, Counterclaim Defendant granted Counterclaim Plaintiff a security interest in the Vehicle and all parts or goods put on it to secure payment of all amounts due under the Contract.

5. The Contract provides the following provision on default:

> DEFAULT. You will be in default if: [(1)] You do not pay any amount when it is due; [(2)] You give false, incomplete, or misleading information on a credit application; [(3)] You file bankruptcy, bankruptcy is filed against you, or the vehicle becomes involved in a bankruptcy; [(4)] You allow a judgment to be entered against you or the collateral; or [(5)] You break any of your promises in this agreement. If you default, we can exercise our rights under this contract and our other rights under the law.
>
> OUR RIGHT TO DEMAND PAYMENT IN FULL. If you default, or we believe in good faith that you are not going to keep any of your promises, we can demand that you immediately pay all that you owe. We don't have to give you notice that we are demanding or intent to demand immediate payment of all that you owe.

6.  The Contract provides, in relevant part, that:

    REPOSSESSION. If you default, we may repossess the vehicle from you if we do so peacefully.

7.  The Contract provides, in relevant part, that:

    YOUR RIGHT TO REDEEM. If we take your vehicle, we will tell you how much you have to pay to get it back. If you do not pay us to get the vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when the vehicle is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.

8.  The Contract also provides that:

    COLLECTION COSTS. If we hire an attorney who is not our employee to enforce this contract, you will pay reasonable attorney's fees and court costs as the applicable law allows. You will also pay our reasonable out-of-pocket expenses incurred in connection with retaking, holding, and selling the vehicle as the applicable law allows.

9.  According to the Certificate of Title to the Vehicle from the Texas Department of Motor Vehicles, Ally has a first lien on the Vehicle. A copy of the Certificate of Title is attached hereto as **Exhibit 2**.

10. Counterclaim Plaintiff's lien on the Vehicle has not been released.

11. After entering into the Contract, Counterclaim Defendant failed to make timely payments under the Contract. Accordingly, Counterclaim Defendant is now in default of the Contract.

12. Counterclaim Plaintiff has made a demand of Counterclaim Defendant to cure the default, but Counterclaim Defendant has failed to cure.

## Count I (Breach of Contract)

13. The preceding paragraphs of the Counterclaim are incorporated herein by reference as if set forth in their entirety.

14. The Contract constitutes a valid and binding contract between the parties.

15. Under the terms of the Contract, Counterclaim Defendant was required to make certain monthly payments to Counterclaim Plaintiff.

16. Counterclaim Defendant failed to make the required payments in a timely manner.

17. Counterclaim Plaintiff has made a demand of Counterclaim Defendant to cure the default, but Counterclaim Defendant has failed to cure his default.

18. Under the terms of the Contract, in the event of a default, Counterclaim Plaintiff may accelerate the unpaid part of the Amount Financed, plus the earned and unpaid part of the Finance Charge, in addition to late charges and any amounts due as a result of the default.

19. As a result, as of March 6, 2017, Counterclaim Defendant is liable to Counterclaim Plaintiff for the total outstanding balance of $10,152.18, plus interest accruing at the contractual rate of 4.90%.

20. Under the Contract, Counterclaim Plaintiff is entitled to repossess the Vehicle upon Counterclaim Defendant's default and failure to cure.

21. Under the Contract, Counterclaim Defendant granted Counterclaim Plaintiff a security interest in the Vehicle.

22. Accordingly, Counterclaim Plaintiff has a valid security interest in the Vehicle, which it perfected by recording its lien on the Vehicle's Certificate of Title.

23. Counterclaim Defendant defaulted under the Contract and did not cure the default when a demand was made upon him.

24. Upon information and belief, Counterclaim Defendant is currently in possession of the Vehicle.

25. As a result, Counterclaim Plaintiff is entitled to possession of the Vehicle.

26. An action to recover the Vehicles has not been commenced.

27. No defense to the claim for repossession of the Vehicle is known.

28. Under the terms of the Contract, in the event of a default and Counterclaim Plaintiff seeking recovery of the vehicle, Counterclaim Defendant is liable to Counterclaim Plaintiff for reasonable attorney's fees and court costs as the applicable law applies.

WHEREFORE, Ally, by counsel, hereby moves the Court to (1) enter a judgment in favor of Ally Financial Inc. against Counterclaim Defendant Eric Patterson in an amount not less than $10,152.18, plus interest accruing at the contractual rate of 4.90%, until paid in full, as well as attorney's fees and costs; (2) enter a judgment against Counterclaim Defendant Eric Patterson, granting Ally Financial Inc. possession of the Vehicle, (3) award Ally all reasonable expenses as permitted by the Contract and (4) grant Ally Financial Inc. all further relief that this Court finds equitable and just.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of all issues so triable.

By: /s/ Ethan G. Ostroff
Ethan G. Ostroff
TROUTMAN SANDERS LLP
*Attorneys for Defendant*
222 Central Park Avenue, Suite 2200
Virginia Beach, Virginia 23462
 (757) 687-7541
ethan.ostroff@troutmansanders.com
Ariana D. Pellegrino (P79104)
DICKINSON WRIGHT PLLC
*Attorneys for Defendant*
500 Woodward Ave., Suite 4000
Detroit, Michigan 48226
Telephone:     313-223-3500
Email:
apellegrino@dickinsonwright.com

Dated: March 16, 2017

2:16-cv-14505-PDB-RSW Doc # 12 Filed 03/16/17 Pg 13 of 15 Pg ID 51

13

## **VERIFICATION OF COUNTERCLAIM**

BEFORE ME, the undersigned authority, personally came and appeared Helena Webb, who deposed and said that she is an authorized representative of Ally Financial Inc., that she has read the above and foregoing Verified Counterclaim and knows the contents thereof, and that the same is true and correct based upon her review of relevant business records, presently collected and maintained in the normal course of business which the Defendant/Counterclaim Plaintiff creates and maintains, that have then been made available to her; and that she is authorized to verify the Counterclaim filed herein.

_____

Subscribed and sworn before me this 6 day of March, 2017.

_____
Notary Public

My commission expires:
March 6, 2019



RANISHA MCBRIDE
Notary Public, State of Texas
Comm. Expires 03-06-2019
Notary ID 13014460-9

14

## CERTIFICATE OF SERVICE

I certify that on the 16th day of March, 2017, I electronically filed the foregoing *Amended Answer and Counterclaim* with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

Dated:  March 16, 2017

>By: /s/ Ethan G. Ostroff
>Ethan G. Ostroff
>TROUTMAN SANDERS LLP
>*Attorneys for Defendant*
>222 Central Park Avenue, Suite 2200
>Virginia Beach, Virginia 23462
> (757) 687-7541
>ethan.ostroff@troutmansanders.com
>
>Ariana D. Pellegrino (P79104)
>DICKINSON WRIGHT PLLC
>*Attorneys for Defendant*
>500 Woodward Ave., Suite 4000
>Detroit, Michigan 48226
>Telephone: 313-223-3500
>Email:
>apellegrino@dickinsonwright.com

30304852